(121 App. Div. 513.)

GOZZETT v. PLAUT et al.

(Supreme Court, Appellate Division, Second Department. October 11, 1907.)

MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE.

> Plaintiff, an expert chemist, was injured by the explosion of alcohol vapor in a tin can used to compound spirits of phosphorus composed of alcohol and phosphorus. The explosion was caused by particles of phosphorus remaining in the can after previous use, which became ignited by contact with the oxygen in the air, while plaintiff's assistant was pouring alcohol into the can. The can was safe if properly cleansed before being used. *Held* that, plaintiff never having requested defendants to furnish a glass vessel, defendants were not negligent in failing to furnish one, instead of the can.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 574–600.]

106 N.Y.S.—11

Appeal from Trial Term, Queens County.

Action by Edward J. Gozzett against Albert Plaut and another. From a judgment in favor of plaintiff, and from an order denying defendants' motion for a new trial on the minutes, defendants appeal. Reversed.

The action was for damages for negligence.

The plaintiff was hurt while working for the defendants, who are manufacturing chemists. His work was compounding drugs. He learned the art with a firm in London, England. He served with them 13 or 14 years. He applied to the defendants for employment in 1900. He represented himself to them as a compounder of drugs and was employed by them as such. He was about 38 years old when he was hurt. His duty was to mix or compound drugs as orders came in from purchasers. He worked continuously with the defendants until he was hurt in 1904. He was making spirits of phosphorus, viz., a compound of alcohol and phosphorus, when hurt. He had made this compound for the defendants several times previously. There was a tin-can kept for the purpose. It was round, and sloped in gradually at the top to a round rim or neck. This was the opening. This can was used for no other purpose. When not in use it was kept filled with water. To make the compound the water had to be poured out. The alcohol was then poured in and afterwards the phosphorus was weighed and added. While the plaintiff's assistant was pouring in the alcohol the vapor of it exploded inside the can and and blew the can into bits. The plaintiff was burned. The oxygen in the air causes phosphorus to fume and ignite. The plaintiff testifies that he knew this.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Edward P. Mowton, for appellants.
John Hetherington, for respondent.

GAYNOR, J. This case should have been dismissed. The negligence alleged, and on which the verdict is based, is that the defendants should have furnished a glass vessel instead of a tin one in which to compound the alcohol and phosphorus. The theory on which the case went to the jury was that a particle or some particles of phosphorus had adhered to the upper part of the inside of the vessel, the tin can, from its previous use, and ignited from the oxygen in the air which went into the can as the water was poured out, exploding the vapor of the alcohol which had been poured in. It was claimed by the plaintiff that if the vessel had been of glass the plaintiff could have seen any such particles on the inside, and would have rinsed them out before the alcohol was poured in. It was also said that such particles would be less likely to adhere to a smooth surface, like that of glass, than to a rough surface. There is no evidence that the inside of the tin can was rough. The inside of a tin vessel is ordinarily polished and smooth. The evidence is that water would separate any particles of phosphorus in the vessel, and that they would come out with the water poured from it. The can stood filled with water when not in use. The plaintiff testified that he knew that particles of phosphorus would ignite from the oxygen in the air. It was therefore his duty to use due care to rinse the can out, and if necessary swab it out before using it; for he represented himself to be a compounder of drugs, and must be held to know that the vapor of alcohol will ex-

plode from contact with flame. Who knew it if he did not? If such knowledge cannot be attributed to him it cannot be attributed to his employers. He had worked at the craft of compounding drugs for 18 years. He was skilled in it. There is no evidence that tin vessels are not ordinarily used by manufacturing chemists for the use to which this one was devoted. Two witnesses said they had seen glass flasks used in a laboratory. The defendants were not required by law to furnish the best known or conceivable appliance, but only such as was reasonably safe and suitable. The one furnished was perfectly safe if properly cleaned before being used; and vessels in which drugs are compounded have to be scrupulously cleaned. Moreover, the plaintiff never asked for a glass vessel, or complained of the tin one. He was as competent to know whether a tin one was dangerous as any one, and it was his duty to tell his employers that it was dangerous if he knew it was or believed it was. Burke v. Witherbee, 98 N. Y. 562; Sweeney v. Berlin & Jones Co., 101 N. Y. 520, 5 N. E. 358, 54 Am. Rep. 722; Harley v. Buffalo Car Co., 142 N. Y. 31, 36 N. E. 813.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the final award of costs. All concur.